[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGEMENT (#139)
This case involves the type of "factual labyrinth" alluded to in Miller v. United Technologies, 233 Conn. 732, 752,660 A.2d 810 (1995), where the court noted that "summary judgment is not well suited to the disposal of complex cases. . ." Moreover, the defendants' defense to the plaintiff's action calls into question whether a predecessor bank dealt with the defendants in good faith. Summary judgment "is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 111,639 A.2d 507 (1994). Nevertheless, "even with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." (Emphasis added.) Wadia Enterprises Inc. v. Hirschfeld, 224 Conn. 240, 250,618 A.2d 506 (1992). The defendants have presented such a factual predicate. (Memorandum In Opposition To Motion For Summary Judgment, Exhibit A, Affidavit of William Sweeney, ¶¶ 12-27).
For these reasons, the plaintiff's third motion for summary judgment is denied.
BALLEN, J. CT Page 13185